# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| **JEFFERY ROBERTSON #242492,** | ) |
| Plaintiff, | ) |
| | ) NO. 1:24-CV-00056 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **STATE OF TENNESSEE,** *et al.*, | ) MAGISTRATE JUDGE HOLMES |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Jeffery Robertson, an inmate of the Turney Center Industrial Complex in Only, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) then subsequently paid the full civil filing fee (Doc. No. 8). His IFP Application (Doc. No. 2) therefore is **DENIED AS MOOT**.

### I. PLRA SCREENING OF THE COMPLAINT

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.

1

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Facts Alleged in the Complaint**

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that Defendants have failed to provide Plaintiff with the transcript in his state-court criminal case, Case No. 19338, of the bond hearing that occurred on February 3, 1997. Plaintiff states that he has requested this transcript multiple times over the past twenty-six years. (Doc. No. 1 at 4).

As relief, the complaint seeks the transcript from Plaintiff's bond hearing or, alternatively, for the Court to "dismiss" the charges against him. (*Id*. at 6).

**B. Analysis**

Plaintiff filed this action pursuant to 42 U.S.C § 1983. Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the

deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

The complaint lists claims under the First, Fourth, and Fourteenth Amendments. (Doc. No. 1 at 3). The complaint does not provide any additional elaboration of Plaintiff's claims beyond "[t]he defendants used their offices to stop the legal process repeatedly blocking me from getting tangible evidence allowed by law by the state of Tennessee." (*See* Doc. No. 1 at 3-4). As best the Court can discern, Plaintiff asserts that Defendants have violated his First Amendment rights because he wishes to pursue unspecified litigation pertaining to his state-court criminal case and he believes he cannot do so without a copy of his bond hearing transcript. It is unclear what the basis of Plaintiff's Fourth Amendment claim is. The Court understands the complaint to assert that Defendants' failure to provide Plaintiff with the requested bond hearing transcript violates his due process rights under the Fourteenth Amendment.

Even assuming that all defendants all qualify as persons acting under color of state law for purposes of Section 1983, Plaintiff has not established the deprivation of a federal right under the First, Fourth, or Fourteenth Amendment. An indigent defendant appealing his conviction has a constitutional right to a transcript of his trial and other relevant proceedings furnished by the government, at least where such transcripts are necessary for his appeal. *See Thigpen v. Kane*, No. 3:18-cv-00487, 2018 WL 238852, at *3 (M.D. Tenn. May 25, 2028) (citing *Bentley v. United States*, 431 F.2d 250, 253 (6th Cir. 1970)). But Plaintiff here does not allege that Defendants have denied him access to transcripts that are necessary to his appeal. In fact, Plaintiff already has pursued a direct appeal of his conviction, *see State v. Robertson*, 130 S.W.3d 842 (Tenn. 2003), as

3

well as an appeal of the denial of post-conviction relief.[1] *See Robertson v. State*, No. M2007-01378-CCA-R3-PC, 2009 WL 277073 (Tenn. Crim. App. Feb. 5, 2009), *perm. app denied* (June 15, 2009).

Importantly, Plaintiff has failed to demonstrate a particularized need for a transcript. *See Tolliver v. South Carolina*, No. 1:14-341-JMC-SVH, 2014 WL 12814497, at *3 (D. S.C. Mar. 6, 2014) (citing *United States v. Shoaf*, 341 F.2d 832, 833-34 (4th Cir. 1964) (finding inmate has no right to a free copy of a transcript "merely to comb through the record in the hope of discovering some flaw")). Plaintiff has completed a direct appeal of his conviction and an appeal of the denial of post-conviction relief. In his complaint, he does not explain why he needs the bond hearing transcript now, seventeen years after the Tennessee Supreme Court declined to review the appellate court's denial of post-conviction relief. In documents attached to his complaint, Plaintiff states that "there is pertinent information that he requires" in the bond hearing transcript. (Doc. No. 1-1 at 1). Plaintiff does not explain what that "pertinent information" is or why he needs it now. Neither has he explained how the denial of the transcript at this time under these circumstances constitutionally injured him. The mere recitation of legal conclusions without any supporting factual allegations, even when made by a pro se litigant, does not state a claim for relief. Thus, Plaintiff has failed to state a claim under Section 1983 upon which relief can be granted.

### III. CONCLUSION

Having conducted the screening of the complaint required by PLRA, the Court finds that the complaint fails to state Section 1983 claims upon which relief can be granted. Thus, this case is **DISMISSED WITH PREJUDICE**.

---

[1] In any event, Plaintiff did not have a constitutional right to a transcript to prepare for a post-conviction hearing. *See Rickard v. Burton*, 2 F. App'x 469, 470 (6th Cir. 2001) (citations omitted).

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so ORDERED.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE